IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02738-BNB

CURTIS L. LILLY,

    Plaintiff,

v.

STEVE HARTLEY, Warden of Fremont Correctional Facility,
JASON FASSLER,
ROBERT BEAUMONT,
BETH NICHOLS,
M. ENGLE, and
ARI ZAVARAS, Executive Director fo Colorado Dept. Of Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2011

GREGORY C. LANGHAM
                        CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Curtis Lilly, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). He currently is incarcerated at the Fremont Correctional Facility (FCF) in Canon City, Colorado. Mr. Lilly initiated this action by filing a Prisoner Complaint on November 9, 2010, asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He filed a purported amendment to the Complaint on December 3, 2010 (Doc. No. 5). However, that document consists of only the caption page and Section A. "Parties." Mr. Lilly has been granted leave to proceed *in forma pauperis.*

The Court will construe the Complaint liberally because Mr. Lilly is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellman**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Lilly therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Lilly alleges that he was severely injured in December 2008 while repairing a leak to a prison heating, ventilation, and air conditioning (HVAC) unit, pursuant to orders issued by Defendants Fassler and Beaumont, when the high-powered fan was turned on unexpectedly and he was sucked into it. Plaintiff asserts that Fassler and Beaumont failed to protect him from harm by not shutting down the power supply before the Plaintiff began to perform maintenance. Mr. Lilly alleges that Defendant Hartley, the FCF Warden, was responsible for ensuring that Defendants Fassler and Beaumont were properly trained in HVAC maintenance. Plaintiff further claims that the medical staff at FCF acted with deliberate indifference to his medical needs after he underwent surgery for a depressed skull fracture and a spinal injury. Mr. Lilly alleges that FCF medical staff have denied him appropriate pain medications and caused the untimely removal of a plate and staples from his head resulting in an infection that required additional surgery. Plaintiff seeks monetary relief from the Defendants.

Mr. Lilly fails to allege specific facts to establish that Defendants Hartley, Nichols, Engle, and Zavaras personally participated in the alleged deprivation of his constitutional rights. Plaintiff does not even mention Defendants Nichols or Engle in the text of the Complaint. In order to state a claim in federal court, Mr. Lilly "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163

(10th Cir. 2007). Mr. Lilly is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Lilly must therefore show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).

Mr. Lilly cannot hold supervisors such as Defendants Hartley and Zavaras liable merely because of their supervisory positions. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Richardson**, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). Accordingly, it is

ORDERED that Plaintiff, Curtis L. Lily, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lily, together with a copy of this order, two copies of the following form to be used in submitting the second

amended complaint: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Lily fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiff's claims against Defendants Hartley, Nichols, Engle and Zavaras for the reasons discussed in this Order.

DATED January 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02738-BNB

Curtis L. Lilly
Prisoner No. 50949
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk