**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 02 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**GREGORY C. LANGHAM**
**CLERK**

Civil Action No. 10-cv-02738-BNB

CURTIS L. LILLY,

      Plaintiff,

v.

STEVE HARTLEY, Warden of Fremont Correctional Facility,
JASON FASSLER,
ROBERT BEAUMONT,
BETH NICHOLS,
M. ENGLE, and
ARI ZAVARAS, Executive Director fo Colorado Dept. of Corrections,

      Defendants.

---

## ORDER DENYING PETITION FOR RECUSAL
## AND OTHER INCIDENTAL MOTIONS

---

Plaintiff, Curtis Lilly, is a prisoner in the custody of the Colorado Department of Corrections. He is incarcerated at the Fremont Correctional Facility (FCF) in Canon City, Colorado. Mr. Lilly initiated this action by filing a Prisoner Complaint on November 9, 2010, asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Mr. Lilly has been granted leave to proceed *in forma pauperis*.

Mr. Lilly alleges in his Complaint that he was injured severely in December 2008 while repairing a leak to a prison heating, ventilation, and air conditioning (HVAC) unit when the high-powered fan was turned on unexpectedly and he was sucked into it. Plaintiff asserts that Defendants Fassler and Beaumont failed to protect him from harm by not shutting down the power supply before the Plaintiff began to perform

maintenance. Mr. Lilly alleges that Defendant FCF Warden Hartley was responsible for ensuring that Defendants Fassler and Beaumont were properly trained in HVAC maintenance. Plaintiff further claims that the medical staff at FCF acted with deliberate indifference to his medical needs after he underwent surgery for a depressed skull fracture and a spinal injury by denying him pain medications and causing the untimely removal of a plate and staples from his head resulting in an infection. Plaintiff seeks monetary relief from the Defendants. On January 13, 2011, I ordered Mr. Lilly to file an Amended Complaint alleging specific facts to show that Defendants Hartley, Nichols, Engle, and Zavaras personally participated in the alleged deprivation of his constitutional rights.

On January 31, 2011, Mr. Lilly filed a "Petition for an Additional (30) Day Extention [sic] of Time to File a[n] Amended Complaint and a Petition for the Recusal of the Honorable United States Magistrate Boyd N. Boland and Appointment of Counsel" (Doc. No. 9).

A judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Pursuant to § 455(a), a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). The standard is wholly objective

2

and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself, *see Liljeberg*, 486 U.S. at 871, none of which applies to the instant action. "Congress intended the provisions of § 455(b) to remove any doubt about recusal in cases where a judge's interest is too closely connected with the litigation to allow his participation." *Id.*

Mr. Lilly argues that I must recuse from this action because I am "involved" with the *Montez*[1] class action, as is Mr. Lilly. Motion at 2. Mr. Lilly maintains that there have been several "disagreements pertaining to the *Montez* claim" that have given rise to a conflict of interest. *Id.* (Emphasis supplied). However, Mr. Lilly is incorrect because I have not made any rulings in the *Montez* action. Furthermore, a litigant's disagreement with judicial rulings is insufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) or (b). *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Therefore, I will deny the Petition for Recusal. Accordingly, it is

ORDERED that the Petition for the Recusal of the Honorable United States Magistrate Boyd N. Boland (Doc. No. 9) is denied. It is

---

[1]*Montez v. Romer*, Case No. 92-N-870(OES) [*Montez* I], is a class action lawsuit filed in the early 1990s on behalf of Colorado inmates suffering from particular disabilities. The case settled in 2003 and the district court imposed a Remedial Plan under which class members could present claims of discrimination to a Special Master for processing. *See Montez v. Owens*, Case No. 92-N-870(OES), 2007 WL 4226365, at **1-2 (D. Colo. 2007) [*Montez* II].

FURTHER ORDERED that Mr. Lilly's request for appointment of counsel (Doc. No. 9) is denied as premature.  It is

FURTHER ORDERED that the "Petition for an Additional (30) Days" to file an Amended Complaint (Doc. No. 9) is GRANTED.  Mr. Lilly shall have up to and including **March 14, 2011**, to file his Amended Complaint as directed in the Court's January 13, 2011, Order Directing Plaintiff to File Amended Complaint.

DATED February 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  10-cv-02738-BNB

Curtis L. Lilly
Prisoner No. 50949
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 2, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk