F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02738-BNB

CURTIS L. LILLY,

        Plaintiff,

v.

MR. STEVE HARTLEY, Warden of Fremont Correctional Facility,
MR. ARI ZAVARAS, Executive Director of the Colorado Dept. of Corrections,
MR. JASON FASSLER, Correctional Officer, Fremont Correctional Facility, and
MR. ROBERT BEAUMONT, Correctional Officer, Fremont Correctional Facility,

        Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

        Plaintiff, Curtis Lilly, is a prisoner in the custody of the Colorado Department of
Corrections.  He is incarcerated at the Fremont Correctional Facility (FCF) in Cañon
City, Colorado.  Mr. Lilly has filed *pro se* a complaint asserting a cause of action under
42 U.S.C. § 1983 for alleged violations of his constitutional rights.

        On January 13, 2011, Magistrate Judge Boyd N. Boland determined that the
prisoner complaint was deficient because it failed to allege the personal participation of
all named Defendants.  Accordingly, Magistrate Judge Boland directed Mr. Lilly to file an
amended complaint within thirty days.  Mr. Lilly submitted an amended complaint on
March 1, 2011, after being granted an extension of time.  *See* February 2, 2011 Order.

        The Court must construe Mr. Lilly's amended complaint liberally because he is
not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);
*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Lilly is a prisoner and some of the Defendants are officers or employees of a governmental entity. The statute directs the Court to dismiss the amended complaint, or any portion of the pleading, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Lilly alleges that he suffered a depressed skull fracture and spinal injury in December 2008 while repairing a leak to a prison heating ventilation and air conditioning (HVAC) unit, pursuant to orders issued by Defendants Fassler and Beaumont, when the high-powered fan was turned on unexpectedly and he was pulled into it. Plaintiff asserts that Fassler and Beaumont failed to protect him from harm by not shutting down the power supply before the Plaintiff began to perform maintenance. Mr. Lilly alleges that Defendant Hartley, the FCF Warden, was responsible to ensure that Defendants Fassler and Beaumont were properly trained in HVAC maintenance. Plaintiff further claims that the medical staff at FCF acted with deliberate indifference to his medical needs after he underwent surgery for his injuries. He alleges that FCF medical staff have denied him appropriate pain medications and caused the untimely removal of a

plate and staples from his head resulting in an infection that required additional surgery. Plaintiff seeks monetary relief from the Defendants. The Court construes Mr. Lilly's claims as asserting a violation of his Eighth Amendment right to humane conditions of confinement, which include a safe prison environment and adequate medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

Mr. Lilly fails to allege specific facts to establish that Defendants Steve Hartley and Ari Zavaras personally participated in the alleged deprivation of his constitutional rights. Mr. Lilly was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983); *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Plaintiff asserts in his "Amendment to Civil Action" (Doc. No. 13) that Defendants Hartley and Zavaras are liable for the asserted Eighth Amendment violations because Plaintiff filed Step 2 and Step 3 grievances notifying those Defendants about his physical injuries. However, the Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whittington v. Ortiz*, 307 F. App'x 179,

3

193 (10th Cir. 2009) (quoting *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007)). Because Mr. Lilly fails to assert that Defendants Hartley and Zavaras personally participated in violating his constitutional rights, those Defendants are improper parties to the action and will be dismissed.

Furthermore, Plaintiff's Eighth Amendment claim asserting deliberate indifference to his serious medical needs must be dismissed because he does not allege that any of the named Defendants personally participated in the alleged deprivation of adequate medical care. Defendants Fassler and Beaumont are not medical providers and the amended complaint does not suggest that they engaged in any conduct that interfered with Plaintiff's medical care. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).


Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Lilly's claim asserting that Defendants acted with deliberate indifference to a substantial risk to his safety, in violation of the Eighth Amendment, does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Jason Fassler and Robert Beaumont. Accordingly, it is

ORDERED that Defendants Steve Hartley and Ari Zavaras are dismissed as parties to this action for Plaintiff's failure to allege their personal participation. It is

FURTHER ORDERED that Plaintiff's claim asserting deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, is dismissed. It is

4

FURTHER ORDERED that Plaintiff's "Amendment to Civil Action and Response-Answer to Defendants Request to Remove Named Parties in Prisoners Civil Action Complaint" (Doc. No. 13), which requests, in part, that the Court not dismiss Defendants Hartley and Zavaras from this action, is denied for the reasons discussed in this Order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge. It is

DATED at Denver, Colorado, this __17th__ day of ___March_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02738-BNB

Curtis L. Lilly
Prisoner No. 50949
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk