IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02738-REB-MEH

CURTIS L. LILLY,

    Plaintiff,

v.

MR. JASON FASSLER, Correctional Officer, Fremont Correctional Facility, and
MR. ROBERT BEAUMONT, Correction Officer, Fremont Correctional Facility,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Reconsider the Order Denying Motion for Court Appointed Attorney [filed April 19, 2011; docket #26]. For the following reasons, the motion is **denied**.

The Federal Rules of Civil Procedure do not provide a mechanism by which parties may seek reconsideration of an order denying a court appointed attorney. However, courts have addressed such requests on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Here, Plaintiff's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, his motion is construed as brought under the third ground seeking to challenge the legal correctness of the court's order.

As set forth in this Court's previous order, under 28 U.S.C. § 1915(e)(1), a district court may,

in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Plaintiff contends in the present motion, which he implies is drafted by a "jail-house lawyer," that the Court failed to "a[c]knowledge the clear fact that the Plaintiff had a depressed skull fracture which resulted in 'brain surgery'" and "left the Plaintiff with numerous impairments, including memory loss and speech impairment." Plaintiff argues that, consistent with *McCarthy*, the Court should have granted Plaintiff's motion and sought volunteer counsel to represent him.

However, neither the original motion nor the present motion contains any affidavits or declarations under oath attesting that the Plaintiff suffers mental or physical disabilities such as those

described in *McCarthy*. The operative Amended Complaint, which *is* executed under oath, describes Plaintiff's injuries from the December 2008 incident as follows: "... the said equipment [ ] physically sucked/vaccumed [sic] the Plaintiff into a high speed fan props which resulted in a Depressed skull fracture[,] spine damage and other injuries, and almost killing the plaintiff of un-natural causes, including but not limited to the severe Phychological [sic] Stress of the entire ordeal; not to mention that this plaintiff is now fully reduced and diminished in his motor-skill capacities while using a cane to hobble around in order to perform the normal functions of his day to day life necessities." Amended Prisoner Complaint, docket #12 at 5. Thus, although the Plaintiff alleges he has suffered mental/emotional distress from the incident and now uses a cane to walk, there is no indication from the pleading that Plaintiff was/is mentally or physically incapacitated and/or suffers difficulties in seeing, speaking, remembering, or communicating. Moreover, while the Plaintiff asserts that "it would only be proper for this Honorable Court to at least look at the plaintiff's Medical Records concerning his injuries suffered" before denying Plaintiff's original motion, the record indicates that Plaintiff has not provided, and the record is devoid, of any copies of such medical records.

Based upon Plaintiff's testimony currently before the Court, as well as his filings indicating that he is capable of presenting his case, the Court finds that it was correct in determining insufficient justification for placing the Plaintiff's case on the volunteer attorney list. Accordingly, based on the foregoing and the entire record herein, it is hereby ordered that Plaintiff's Motion to Reconsider the Order Denying Motion for Court Appointed Attorney [filed April 19, 2011; docket #26] is **denied**.

Dated at Denver, Colorado, this 22nd day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge