IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02738-REB-MEH

CURTIS L. LILLY,

    Plaintiff,

v.

MR. JASON FASSLER, Correctional Officer, Fremont County Correctional Facility, and
MR. ROBERT BEAUMONT, Correctional Officer, Fremont County Correctional Facility,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss [filed May 27, 2011; docket #33]. The motion is referred to this Court for recommendation. (Docket #35.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court RECOMMENDS that Defendants' Motion to Dismiss be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

**I.      Procedural History**

On November 9, 2010, Plaintiff, an inmate proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 by filing a "Prisoner Complaint." (Docket # 2.) On January 13, 2011, the Court determined that the complaint failed to sufficiently allege personal participation by Defendants and, thus, directed Plaintiff to file an amended complaint. (Docket #8.) On March 1, 2011, Plaintiff filed the operative Amended Complaint in which he seeks damages from Defendants Hartley, Zavaras, Fassler, and Beaumont for having acted with deliberate indifference to a substantial risk to his safety and to his serious medical needs in violation of the Eighth Amendment. (Docket #12.) However, upon initial review on March 17, 2011, the court dismissed all of the Plaintiff's claims against Defendants Hartley and Zavaras, and the Plaintiff's claims regarding his medical treatment against the remaining Defendants. (Docket #15.)

On May 27, 2011, Defendants filed the present "Motion to Dismiss" Plaintiff's remaining claims against Defendants Fassler and Beaumont for violation of his Eighth Amendment rights. (Docket # 33.) Defendants assert that they are entitled to qualified immunity and that Plaintiff has failed to state a claim because he has alleged mere negligence rather than deliberate indifference. *Id.* On June 20, 2011, Plaintiff filed a response to Defendants' motion arguing that he has alleged Defendants are not entitled to qualified immunity because they acted with deliberate indifference and his rights were clearly established at the time. (Docket #42.) Although provided the opportunity to do so, Defendants did not file a reply brief in support of their motion.

**II.     Statement of Facts**

The following allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(6)

pursuant to *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

On December 1, 2008, while working for the heating, ventilation and air conditioning ("HVAC") crew at the Fremont Correctional Facility, Plaintiff was ordered by Defendant Fassler to repair a leak inside of the air handle of one of the HVAC units for cell house seven. (Docket #12 at 4.) During the course of this repair, the fan to the HVAC unit was turned on and pulled the Plaintiff in causing life-threatening injuries, including a depressed skull fracture and spinal injury. (*Id.*) It is unknown who turned on the fan; however, Defendant Fassler was responsible for ensuring that all appropriate safety precautions were taken. (*Id.*) Additionally, Defendant Beaumont was responsible for training Defendant Fassler on these safety precautions, but failed to do so. (*Id.*)

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

## II. Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor ... construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

## I. Qualified Immunity

Defendants assert that they are entitled to qualified immunity on the claims against them in their individual capacities. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "It is an entitlement not to stand trial or face the other burdens of litigation." *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). "The privilege is an immunity from suit rather than a

mere defense to liability." *Id.*

Qualified immunity is designed to shield public officials and ensure "that erroneous suits do not even go to trial." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow*, 457 U.S. at 806-08 (1982); *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988)). Consequently, courts should address the qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court recently discarded a review process that required courts to examine these questions sequentially, first considering whether a right had been violated, and then second – if the court concluded a right had been violated – whether that right was clearly established at the time of the alleged violation. *Pearson,* 129 S. Ct. at 816-22. *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Here, for Plaintiff's claim pursuant to 42 U.S.C. § 1983, the Court examines first whether Plaintiff's right was clearly established at the time of the alleged conduct. If so, the Court will then

proceed to analyze whether Plaintiff has demonstrated on the alleged facts that Defendants violated his constitutional right.

### A. Clearly Established Right

"A clearly established right is generally defined as a right so thoroughly developed and consistently recognized under the law of the jurisdiction as to be 'indisputable' and 'unquestioned.'" *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1250 (D.N.M. 2010) (quoting *Zweibon v. Mitchell*, 720 F.2d 162, 172-73 (D.C. Cir. 1983), *cert. denied*, 469 U.S. 880 (1984)). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001) (citing *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992), *overruled in part on other grounds*, *Williams v. City & Cnty. of Denver*, 99 F.3d 1009, 1014-15 (10th Cir. 1996)).

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Both the Supreme Court and the Tenth Circuit have found that this means prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). Reasonable safety includes protection from life-threatening hazards. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993). Such hazards have been found in instances of "exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates."

*Id.* at 34 (citing *Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974)).

Here, Plaintiff alleges he was sucked into an HVAC fan and suffered a depressed skull fracture and severe spinal injury because the power supply for the HVAC unit was not properly secured. (Docket #12). Taking these allegations as true, this was a life-threatening hazard resulting from the physical infrastructure of the prison and deficient safety measures. Such hazard is similar in nature to other such hazards that have been found to violate prisoners' established right to reasonable safety. *See Helling*, 509 U.S. at 33-34. Thus, the Court recommends finding that Plaintiff's constitutional right to reasonable safety while repairing the HVAC unit was clearly established at the time of his injury.

### B.     Constitutional Violation

Finding Plaintiff's right to be clearly established, the Court now turns to an analysis whether Plaintiff sufficiently alleges such right was violated and whether Defendants can be found individually liable for a violation under § 1983. To establish a violation, the Plaintiff must sufficiently allege that (1) Defendants personally participated in the relevant actions, and (2) they were deliberately indifferent to a substantial risk of serious harm arising from their actions.

#### 1.     *Personal Participation*

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, there must be an affirmative link between actions taken by a defendant and any plan or policy put into effect that violates a plaintiff's constitutional rights. *Ernst v. Gunter*, 9 F.3d 116 (10th Cir. 1993).

Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, liability of a supervisor under § 1983 requires "allegations of

personal direction or of actual knowledge and acquiescence." *Langley v. Adams County, Colo.*, 987 F.2d 1473, 1481 (10th Cir. 1993) (cited with approval in *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). Thus, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green,* 108 F.3d at 1302 (quotation and brackets omitted).

Plaintiff alleges that Defendant Fassler instructed Plaintiff to go into the HVAC unit to make repairs and had supervisory control over Plaintiff at that time. (Docket #12 at 4.) This factual allegation establishes the necessary affirmative link to the events resulting in Plaintiff's injury and is sufficient to show personal participation by Defendant Fassler. Plaintiff also contends that Defendant Beaumont is Defendant Fassler's supervisor and was responsible for training Defendant Fassler on the relevant safety procedures, which he allegedly failed to do. (*Id.*) While training responsibility alone would not be sufficient to establish personal participation by Defendant Beaumont, his failure to do so is. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) ("A supervisor or municipality may be held liable where there is essentially a complete failure to train."). Thus, this factual allegation, when accepted as true for purposes of the present motion, establishes the necessary affirmative link to the events resulting in Plaintiff's injury and is sufficient to show personal participation by Defendant Beaumont. Accordingly, the Court recommends finding Plaintiff has alleged sufficient facts showing personal participation by both Defendants Fassler and Beaumont.

2.   *Deliberate Indifference to Substantial Risk of Serious Harm*

Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging that prison officials demonstrated deliberate indifference to a prisoner's serious illness or

injury, or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling*, 509 U.S. at 35; *see also Estelle*, 429 U.S. at 105. "To establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff 'must show that he is incarcerated under conditions posing a substantial risk of serious harm,' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)). Plaintiff must meet both the objective and subjective components. *Callahan v. Poppell*, 471 F.3d 1155, 1159-60 (10th Cir. 2006). The Court will address in turn whether Plaintiff has meet each of these components.

       a.  Did Conditions Pose Substantial Risk of Serious Harm?

The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause" of the Eighth Amendment. *Callahan*, 471 F.3d at 1159 (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008)). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" *Helling*, 509 U.S. at 33.

Here, Plaintiff alleges he was sucked into the fan of a large HVAC unit and suffered life-threatening injuries which have resulted in permanent disabilities. (Docket #12 at 4.) This allegedly occurred when the power to the HVAC unit was turned on while Plaintiff was inside the HVAC unit and the resulting air pressure pulled Plaintiff into the fan. (*Id.*) Taking these allegations as true, there was a risk of serious bodily harm resulting from attempted repair of the HVAC unit if the power supply was not properly attended. Thus, the power supply, when not properly attended, posed

an unreasonable risk to Plaintiff's safety that is guaranteed to him under the Eighth Amendment. Therefore, the Court recommends finding that Plaintiff has sufficiently alleged the objective portion of the test demonstrating a violation of a prisoner's Eighth Amendment right to be protected from harm.

          b.        Were Defendants Deliberately Indifferent?

To meet the subjective component, a plaintiff must demonstrate defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). This component is equivalent to "criminal recklessness, which makes a person liable when she [or he] consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (unpublished) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). "Deliberate indifference requires more than a showing of simple or heightened negligence." *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003). A plaintiff "must do more than establish that [the defendant] should have known of the risk of harm." *Id.* He "[m]ust present evidence supporting an inference that [the defendant] actually knew about a substantial risk of serious harm to his safety." *Id.* "Deliberate indifference requires that the defendant's conduct is in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow or that the conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Id.* at 1175-76 (internal quotations omitted).

Here, Plaintiff alleges that Defendant Fassler knew the Plaintiff was inside the HVAC unit because Defendant Fassler had ordered Plaintiff to make a repair inside of the unit. (Docket #12 at

6.) Plaintiff also alleges that, at this time, Defendants failed to make sure the power supply to the HVAC unit was secured with a lock system and failed to perform additional safety checks including that the HVAC unit was free of anything that might get caught in it, particularly human beings. (*Id.*) Furthermore, Plaintiff alleges that Defendants failed to inform Plaintiff of the relevant safety procedures and standard of care for this task. (*Id.*) Through these allegations, Plaintiff establishes the Defendants *should have known* of the risk, but he fails to allege that Defendants actually knew of or disregarded an obvious risk. Notably, Plaintiff does not allege that Defendants had significant experience in the HVAC field such that certain safety procedures would have been well known to them, nor does he allege that the power supply was within the primary control of the Defendants, thus making them responsible for it, nor assert any other allegations demonstrating conscious disregard of a substantial risk of harm. Consequently, the Court can only conclude that the current factual allegations in Plaintiff's Amended Complaint, while sufficient to establish negligence, do not rise to the necessary standard of deliberate indifference. Therefore, the Court recommends finding that Plaintiff has failed to state a claim by insufficiently alleging the subjective portion of the test necessary to demonstrate a violation of a prisoner's Eighth Amendment right.

## II.     Leave to Amend

In the present motion, Defendants seek dismissal of Plaintiff's Amended Complaint. Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10. The Court may only dismiss "sua sponte when it is patently obvious that the

plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

Currently, the only defect noted in this Rule 12(b)(6) analysis is the Plaintiff's failure to provide sufficient factual allegations in his Amended Complaint to raise Defendants' level of culpability from mere negligence to deliberate indifference. However, in Plaintiff's response brief opposing Defendants' motion to dismiss, he asserts additional factual allegations. Plaintiff alleges that the failure to lock-tag the power source while he was in the HVAC unit was a violation of the safety requirements of both the Colorado Department of Corrections and OSHA. (Docket #42 at 3.) Additionally, he alleges that Defendants had been working on HVAC units with the Colorado Department of Corrections for seven years and should hold either level three or level four mechanical or universal licenses in the HVAC field. (*Id.*) Finally, he alleges that Defendants were the only individuals with access to turn the power supply on and off. (*Id.*) Such allegations may demonstrate a significantly higher level of knowledge by Defendants and may be sufficient to state a claim for the Defendants' deliberate indifference. *See Verdecia*, 327 F.3d at 1175. Consequently, these allegations may cure the current defects in the Plaintiff's Amended Complaint, and, in the interest of justice, the Court recommends that the Plaintiff be provided with the opportunity to amend his pleading to include these allegations.

## CONCLUSION

Plaintiff's Amended Complaint in its current form sufficiently alleges that Defendants personally participated in circumstances that may pose a significant risk of life-threatening harm to Plaintiff, from which he is protected under the Eighth Amendment. However, Plaintiff's current allegations are only sufficient to show that Defendants' conduct in these circumstances was negligent rather than deliberately indifferent. Because this Court believes the Plaintiff's deficiency may be corrected, the Court recommends that the current operative pleading be dismissed and

Plaintiff be granted leave to amend his Amended Complaint.

Accordingly, the Court RECOMMENDS that the District Court **grant** Defendants' Motion to Dismiss [filed May 27, 2011; docket #33] without prejudice and grant the Plaintiff leave to file a Second Amended Complaint in accordance with this Recommendation and all applicable local and federal court rules.

Respectfully submitted at Denver, Colorado, this 21st day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge