**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02738-REB-MEH

CURTIS L. LILLY,

      Plaintiff,
v.

MR. JASON FASSLER, Correctional Officer, Fremont Correctional Facility, and
MR. ROBERT BEAUMONT, Correction Officer, Fremont Correctional Facility,

      Defendants.

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion To Dismiss** [#33][1] filed May 27, 2011; (2) the **Recommendation of United States Magistrate Judge** [#44] filed July 21, 2011; and (3) the plaintiff's **Motion for Leave To File Amended Second Complaint** [#57] filed September 19, 2011.  The plaintiff filed objections [#45] to the recommendation.  I overrule the objections, approve and adopt the recommendation, grant the motion to dismiss, and grant the plaintiff's motion to file an amended complaint.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed.  I have considered carefully the recommendation, objections, and applicable caselaw.

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Because plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, the plaintiff's objections are without merit.

The plaintiff, Curtis Lilly, is incarcerated in the Colorado Department of Corrections. In his complaint [#12], Mr. Lilly alleges that he was injured on December 1, 2008, while working for the heating, ventilation, and air conditioning (HVAC) crew at the Fremont Correctional Facility (FCF). The plaintiff alleges that he was ordered by defendant Jason Fassler to repair a leak inside one of the air handlers at FCF. While Mr. Lilly was inside the air handler, the fan to the unit was turned on. As a result, Mr. Lilly was pulled into the unit and suffered serious injuries, including a depressed skull fracture and a spinal injury. *Complaint* [#12], pp. In his complaint, Mr. Lilly alleges a negligence claim and an Eighth Amendment claim.

The defendants' motion to dismiss [#33] addresses only Mr. Lilly's Eighth Amendment claim. In his recommendation, the magistrate judge concludes that Mr. Lilly's allegations are sufficient to state a negligence claim but are not sufficient to state an Eighth Amendment claim. Addressing the elements of Mr. Lilly's Eighth Amendment claim, the magistrate judge concludes that Mr. Lilly's allegations are sufficient to state an Eighth Amendment claim, except that Mr. Lilly has not alleged facts indicating that

the defendants consciously disregarded a substantial risk of harm to Mr. Lilly. Absent such allegations, the plaintiff's complaint does not state a claim on which relief can be granted based on the Eighth Amendment. The magistrate judge recommends that the plaintiff be permitted to file an amended complaint. I agree with the magistrate judge's analysis and conclusions.

A proposed second amended complaint is attached to Mr. Lilly's motion [#57] to amend his complaint. This proposed amended complaint is more in the nature of a brief addressing issues such as qualified immunity and personal participation. The court directs that any amended complaint be filed on the on the court's standard prisoner complaint form for actions under 42 U.S.C. § 1983.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#44] filed July 21, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the plaintiff's objections [#45] filed August 1, 2011, are **OVERRULED**;

3. That the defendants' **Motion To Dismiss** [#33] filed May 27, 2011, is **GRANTED** as to the plaintiff's Eighth Amendment claim;

4. That the plaintiff's **Motion for Leave To File Amended Second Complaint** [#57] filed September 19, 2011, is **GRANTED** on the terms stated in this order;

5. That the proposed amended complaint attached to the plaintiff's **Motion for Leave To File Amended Second Complaint** [#57] filed September 19, 2011, is **NOT ACCEPTED** as the operative complaint;

6. That on or before April 15, 2012, the plaintiff **MAY FILE** a second amended complaint;

7. That any second amended complaint shall be written on the court's standard

prisoner complaint form for actions under 42 U.S.C. § 1983;

      8.  That the clerk of the court **SHALL MAIL** to plaintiff Curtis L. Lilly, at his address of record, a copy of the court's standard prisoner complaint form for actions under 42 U.S.C. § 1983;

      9.  That, at the plaintiff's discretion, the plaintiff may allege in his second amended complaint the negligence claim asserted in his present complaint [#12], the Eighth Amendment claim that is the subject of the present motion to dismiss, or both such claims;

      10.  That the Clerk of the Court is **DIRECTED** to place the above-captioned case on the list of cases for which the court seeks volunteer counsel.

      Dated March 13, 2012, at Denver, Colorado.

**BY THE COURT:**

_____
Robert E. Blackburn
United States District Judge

4