**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02738-REB-MEH

CURTIS L. LILLY,

     Plaintiff,

v.

MR. JASON FASSLER, Correctional Officer, Fremont Correctional Facility,

     Defendants.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the defendant's **Motion for Summary Judgment** [#84][1] filed February 22, 2013. The plaintiff filed a response [#88], and the defendant filed a reply [#89]. I grant the motion.[2]

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue

---

[1] "[#84]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).

### III. FACTS

The facts described below are based on the defendant's statement of undisputed facts in his motion for summary judgment [#84], which is statement is supported by the affidavit of the defendant. In his response [#88], the plaintiff does not dispute most of the facts stated by the defendant. The **Affidavit of William Nance** [#88-1], attached to Mr. Lilly's response [#88] to the motion for summary judgment, evidences essentially the same factual scenario portrayed in the motion for summary judgment. However, the

plaintiff argues that there is a dispute about one key material fact. The plaintiff's description of that disputed fact is discussed below.

The plaintiff, Curtis Lilly, is incarcerated in the Colorado Department of Corrections. Mr. Lilly was injured on December 1, 2008, while working for the heating, ventilation, and air conditioning (HVAC) crew at the Fremont Correctional Facility. During the previous week, the defendant, Correctional Officer Jason Fassler (CO Fassler), noted that a steam coil on the HVAC unit for cell house 8 had a leak and was in need of repair. The HVAC unit is located about six feet above the rooftop of the cell house. A ladder must be used to reach the access door through which one can access the inside of the HVAC unit. A ladder is also needed to access the on/off switch for the unit, but the on/off switch and the access door are not located near each other.

CO Fassler had worked with Mr. Lilly for about six months before the accident. During that time Mr. Lilly had done repair work on HVAC units in the facility, including the HVAC unit for cell house 8. CO Fassler perceived Mr. Lilly to be familiar with and knowledgeable about HVAC repair, and he perceived Mr. Lilly to be a good worker.

On December 1, 2008, Mr. Lilly and another inmate, William Nance, were directed to repair the steam leak inside the HVAC unit for cell house 8. CO Fassler went inside of the HVAC unit with Mr. Nance. The HVAC unit was energized for a brief time so steam would begin to flow. This would permit CO Fassler and Mr. Nance to determine the location of the leak. It is not possible to determine the location of a steam leak when the fan in the unit is turned off.

Before repairing the leak, one of the dampers in the HVAC unit had to be removed. CO Fassler helped Mr. Lilly and Mr. Nance take the damper off. Because space is limited in the HVAC unit, CO Fassler stepped outside of the HVAC unit while

3

Mr. Lilly and Mr. Nance worked to repair the leak in the steam coil. After the first attempted repair was complete, the unit was turned on to permit steam to circulate through the repaired coil. Mr. Lilly and Mr. Nance remained inside the HVAC unit during this operation and determined that the leak repair had not been successful. The unit was turned off and a second repair was completed. After the second repair was complete, Mr. Lilly and Mr. Nance remained in the unit while it was again turned on so they could look for leaks to determine if the repair was successful. Mr. Lilly and Mr. Nance determined that the leak had been repaired successfully.

After being told that the repair was successful, CO Fassler was preparing to turn the unit off again when he heard a loud bang. CO Fassler turned the unit off, moved the ladder to the access door, and entered the unit. He found Mr. Lilly lying on the floor of the unit with a wound on the back of his head. Mr. Lilly was transported to the hospital. Just prior to the accident, Mr. Nance was kneeling in the unit and Mr. Lilly was standing to his right. Mr. Lilly attempted to switch positions with Mr. Nance. As Mr. Lilly moved to change his position, a piece of his clothing got caught in the drive shaft of the unit's motor, causing Mr. Lilly's injuries.

## IV. ANALYSIS

Based on the events described above, Mr. Lilly asserts an Eighth Amendment claim against CO Fassler. Initially, Mr. Lilly also asserted negligence claims against CO Fassler, but Mr. Lilly has withdrawn those claims.[3] In his motion for summary judgment, CO Fassler argues that, given the undisputed facts, no reasonable fact finder could find that CO Fassler was deliberately indifferent to the safety of Mr. Lilly. If true, Mr. Lilly's

---

[3] In his response [#88] to the motion for summary judgment, Mr. Lilly states that he is not asserting negligence claims. Mr. Lilly's negligence claims were not preserved in the **Final Pretrial Order** [#93].

4

Eighth Amendment claim fails *per force.* In his response to the motion for summary judgment, Mr. Lilly contends that there is one key disputed issue of material fact: hether CO Fassler's conduct in leaving Mr. Lilly and Mr. Nance "in the HVAC unit with the power on and the drive shaft in operation constitutes 'deliberate indifference.'" *Response* [#88], p. *2*. According to Mr. Lilly, CO Fassler's deliberate indifference is demonstrated by the fact that CO Fassler left the work site to turn the HVAC unit off "without telling Plaintiff or Mr. Nance to stop working until the machine could be powered down." *Response* [#88], p. 2.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." **U.S. CONST**. Amend. VIII. As applied to prisoners, the Eighth Amendment guarantees "humane conditions of confinement guided by 'contemporary standards of decency.'" **Penrod v. Zavaras**, 94 F .3d 1399, 1405 (10th Cir. 1996) (quoting **Estelle v. Gamble**, 429 U.S. 97, 103 (1976)). Prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care[.]" **Barney v. Pulsipher**, 143 F.3d 1299, 1310 (10th Cir. 1998). Concomitantly, prison officials must "take reasonable measures to guarantee the safety of the inmates," including protecting them from violence at the hands of other prisoners. **Farmer v. Brennan**, 511 U.S. 825, 832-33 (1994) (citation and internal quotation marks omitted).

To establish an Eighth Amendment claim, a plaintiff must show that the defendant was deliberately indifferent to a substantial risk of serious harm to the plaintiff-inmate. First, he must prove that the conditions of his confinement objectively posed a "substantial risk of serious harm." *Id.*; *see also Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). Second, a plaintiff must prove that the defendant prison official was deliberately indifferent to the substantial risk of serious harm. This

5

subjective inquiry implicates the state of mind of the official and is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 Fed. Appx. 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). Mere negligence, even gross negligence, or recklessness is insufficient to establish an Eighth Amendment claim under this standard. *See Estelle*, 97 S.Ct. at 292; *see also Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008); *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Rather, the plaintiff must show that the defendant consciously disregarded a known or obvious risk that was so great as to make it highly probable that harm would follow. *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir.1990); *Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003). The defendant prison official "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Riddle*, 83 F.3d at 1204 (quoting *Farmer*, 114 S.Ct. at 1977.) Thus, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Prison officials "who actually knew of a substantial risk to inmate health or safety may be found free from [Eighth Amendment] liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 114 S.Ct. at 1982-83.

    The undisputed facts in the record do not support the conclusion that CO Fassler consciously disregarded a substantial risk of serious harm presented when CO Fassler permitted Mr. Nance and Mr. Lilly to be in the HVAC unit while the motor was running after the repair was determined to have been successful. It is undisputed that a person

must be inside the HVAC unit with the fan motor running to determine the location of a leak in a steam coil. During the initial effort to determine the location of the leak, Mr. Nance and CO Fassler were inside of the HVAC unit when the fan was running. This circumstance presented some risk to Mr. Nance and CO Fassler, but they were able to avoid the risk. Similarly, some risk of harm to Mr. Lilly was presented when CO Fassler permitted Mr. Lilly and Mr. Nance to stay in the HVAC unit after the leak was repaired, while CO Fassler went to turn the fan off again. However, there is no evidence that this risk of harm "was so great as to make it highly probable that harm would" come to Mr. Lilly. *Berry*, 900 F.2d at 1494. Rather, CO Fassler's experience with Mr. Lilly and others indicated that Mr. Lilly and others safely could be inside of an HVAC unit with the fan motor running, assuming reasonable caution was exercised. Given these undisputed facts, no reasonable fact finder could conclude that CO Fassler consciously disregarded a risk of harm to Mr. Lilly that was so great as to make it highly probable that harm would come to Mr. Lilly. No reasonable fact finder could conclude that CO Fassler acted with deliberate indifference when he permitted Mr. Nance and Mr. Lilly to remain in the HVAC unit while CO Fassler went to turn the unit off. CO Fassler is entitled to summary judgment on Mr. Lilly's Eighth Amendment claim.

## V.  QUALIFIED IMMUNITY

CO Fassler asserts the defense of qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A motion for summary judgment asserting qualified immunity must be reviewed differently from other summary judgment motions.

*See Saucier v. Katz*, 533 U.S. 194, 201 (2001), **overruled in part, Pearson v. Callahan**, 555 U.S. 223, 227 (2009); *Holland v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001), *cert. denied*, 535 U.S. 1056 (2002).  After a defendant asserts qualified immunity, the burden shifts to the plaintiff.  *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000).  To overcome a claim of qualified immunity, the plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right).  This burden means coming forward with specific facts establishing the violation. *Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir.1996). If the plaintiff establishes a violation of a constitutional or statutory right, then he must demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct.  *Albright*, 51 F.3d at 1534.

Mr. Lilly has not established a violation of his rights under the Eighth Amendment.  Thus, he has not overcome the defense of qualified immunity asserted by CO Fassler.  On this basis also, CO Fassler is entitled to summary judgment on Mr. Lilly's Eighth Amendment claim.

## VI.  CONCLUSION AND ORDERS

Viewing the undisputed facts in the record in the light most favorable to Mr. Lilly, no reasonable fact finder could find for Mr. Lilly on his Eighth Amendment claim. Further, because Mr. Lilly has not established a violation of his rights under the Eighth Amendment, CO Fassler is entitled to qualified immunity.  Therefore, CO Fassler's motion for summary judgment is granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion for Summary Judgment** [#84] filed February 22, 2013, is **GRANTED**;

2. That the Trial Preparation Conference set December 20, 2013, is **VACATED**;

3. That the trial set to commence January 13, 2014, is **VACATED**;

4. That **JUDGMENT SHALL ENTER** in favor of the defendant, Mr. Jason Fassler, Correctional Officer, Fremont Correctional Facility, against the plaintiff, Curtis L. Lilly;

5. That the defendant is **AWARDED** his costs to be taxed by the clerk of the court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is **DISMISSED**.

Dated September 9, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge